DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Sandusky County Court of Common Pleas, Juvenile Division, which ordered that the parties' child's surname be changed to [R.]. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant Erin C. sets forth the following assignments of error:
"First Assignment of Error
 "The Trial Court erred in granting Appellee's request to change the minor child's last name where there was insufficient evidence pre sented by Appellee to support that the name change would be in the minor child's best interests.
"Second Assignment of Error
 "The Trial Court erred in granting Appellee's request to change the minor child's name where the Court of Appeals had ruled that insufficient evidence had been presented at an initial hearing to support the name change and the Trial Court held a subsequent evidentiary hearing and ultimately ordering the minor child's name changed."
The facts that are relevant to the issues raised on appeal are as follows. On July 21, 1995, appellant Erin C. gave birth to a son, Samuel. Erin, who was unmarried, gave the child her surname and did not list appellee's name on the birth certificate. On November 29, 1995, appellant filed a complaint for determination of parentage of her son. Genetic testing subsequently determined that appellee is Samuel's biological father. On April 9, 1996, appellee filed a motion asking that Samuel be given his surname. On September 10, 1996, a hearing was held before a magistrate on the matters of the name change, expenses of childbirth and genetic testing, back child support, which parent would receive the income tax exemption for Samuel, and attorney fees. At the hearing, appellant's counsel stated that appellant was unprepared to present testimony as to the name change because notice of the hearing indicated that it was to be on the issue of medical bills. Appellee testified that he was exercising regular visitation with Samuel and that he wanted his son to have his surname.
On January 2, 1997, the magistrate issued a report with recommendations as to payment of various expenses and as to visitation. The only language in the report as to the issue of the name change was "* * * that the last name of the child be changed to [R.]." On January 17, 1997, the trial court adopted the magistrate's recommendations as the judgment of the court. On February 5, 1997, appellant filed a motion asking the trial court to reconsider its judgment ordering Samuel's surname changed to that of his father and asking for an additional hearing in order to present evidence on the issue of the name change. On September 2, 1997, the trial court filed a judgment entry in which it stated that the magistrate's denial of appellant's request for a continuance to present testimony as to the name change was within the magistrate's discretion. The trial court modified the magistrate's report only so as to clarify the designation of appellant as Samuel's residential parent.
The September 2, 1997 judgment was timely appealed to this court. In a decision released on August 7, 1998, this court found that the magistrate's report, later adopted by the trial court, did not address the factors set forth by the Supreme Court of Ohio in Bobo v. Jewell (1988), 38 Ohio St.3d 330, for determining the surname to be used when parents who have never been married to one another contest the issue. This court further found that there was insufficient evidence presented at the September 10, 1996 hearing to support the name change, that the trial court had failed to make a finding that the name change was in Samuel's best interest, and that the trial court abused its discretion in ordering Samuel's surname changed to that of his father. Erin C. v. Christopher R. (Aug. 7, 1998), Sandusky App. No. S-97-047, unreported. This court reversed the judgment of the trial court insofar as it ordered Samuel's surname changed to [R.] and remanded the case for further hearing as to the issue of the child's surname.
On September 28, 1998, appellant filed a motion re questing that the trial court enter an order, consistent with this court's decision, denying appellee's request for the name change. On December 7, 1998, a hearing was held in the trial court and testimony was taken on the issue of the name change. On February 1, 1999, the trial court issued a judgment entry in which it made findings as to the benefits to the child of keeping his mother's surname as well as the potential benefits of changing his surname to that of his father. The trial court found, inter alia, that: no credible evidence was presented as to any potential embarrassment, discomfort or inconvenience that might occur if Samuel bears a surname different from that of the custodial parent; no credible evidence was presented that a change of surname would significantly diminish the relationship between the child and his mother; changing the surname to that of the father would enhance and reinforce the relationship the child currently enjoys with his father; and that appellee's motion for a change of the child's surname to [R.] is in the child's best interest.
In her first assignment of error, appellant asserts that there was insufficient evidence presented at the hearing on December 7, 1998 to support the name change.
The Ohio Supreme Court in Bobo v. Jewell (1988), 38 Ohio St.3d 330, syllabus, held:
 "1. Pursuant to R.C. 3111.13(C), a court of common pleas may determine the surname by which the child shall be known after establishment of the existence of the parent and child relationship, and a showing that the name determination is in the best interest of the child.
 "2. In determining the best interest of the child concerning the surname to be used when parents who have never been married contest a surname, the court should consider: the length of time that the child has used a surname, the effect of a name change on the father-child relationship and on the mother-child relationship, the identification of the child as part of a family unit, the embarrassment, discomfort or inconvenience that may result when a child bears a surname different from the custodial parent's, the preference of the child if the child is of an age and maturity to express a meaningful preference and any other factor relevant to the child's best interest. Courts should consider only those factors present in the particular circumstances of each case."
When reviewing a decision that a child's name should be changed, a reviewing court is not free to substitute its judgment for that of the trial court. In re Jane Doe 1 (1990), 57 Ohio St.3d 135. The determination of what is in the best interest of the child is within the sound discretion of the trial court. An abuse of discretion involves more than an error of judgment. It is an attitude on the part of the court that is unreasonable, unconscionable or arbitrary. Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
After a thorough review of the record of proceedings in this case, this court finds that the trial court considered the factors set forth in Bobo, supra, for determining the best interest of the child when the child's surname is at issue, and that the trial court's order granting appellee's request to change Samuel's surname to [R.] was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellant's first assignment of error is not well-taken.
In her second assignment of error, appellant asserts that the trial court should not have reconsidered the issue of the child's surname after this court found that insufficient evidence had been presented at the first hearing to support the name change. The record reveals, however, that in our August 7, 1998 decision this court found that the trial court failed to make any finding as to the child's best interest with regard to the name change and we remanded the case to the trial court for further hearing on that issue. Accordingly, we find that the trial court was in compliance with the order of this court when it held the December 7, 1998 hearing, and appellant's second assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Sandusky County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
PETER M. HANDWORK, J.
 _______________________________ JUDGE
 MELVIN L. RESNICK, J.
 _______________________________ JUDGE
 RICHARD W. KNEPPER, P.J.
 _______________________________ JUDGE
CONCUR.